# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM A. BILLINGS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 16-cv-0034-MJR-DGW |
| | ) |
| TRISTAR RISK ENTERPRISE | ) |
| MANAGEMENT, INC., | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**REAGAN, Chief Judge:**

On January 13, 2016, Tristar Risk Enterprise Management, Inc. removed to this federal District Court a state court lawsuit filed by William Billings.  Mr. Billings, proceeding *pro se* in the Circuit Court of Madison County, Illinois, alleged that Tristar wrongfully deprived him of necessary medical treatment and financial benefits to which he was entitled under the Illinois workers' compensation statute.[1]

The best the undersigned can glean from the removal papers, Billings filed an original September 28, 2015 state court petition, a November 5, 2015 amended petition, and – after securing leave of the state court – a December 21, 2015 amended petition. Although the original petition and first amended petition sought specific amounts of damages well over $1,000,000, the December 21, 2015 amended petition (which is the

---

[1]    Specifically, he claims that Tristar willfully withheld an independent medical examiner's report, which caused a delay in medical treatment and the infliction of unnecessary pain and suffering.  *See* Doc. 1-7, p. 3.  He further claims that Tristar maliciously interfered with his medical treatment by telling the treating physician that "Workers compensation did not want to pay anymore," after which all medical treatment stopped.  *See* Doc. 1-7, p. 2.

operative, controlling document herein) does not.  The current petition prays for a variety of compensatory damages (e.g., "damages for intentional infliction of emotional distress," Doc. 1-7, p. 1) plus punitive damages ("to deter [Tristar] … from any future wrong doing of this nature," Doc. 1-7, p. 4), without mentioning how much is requested.

The fact that no dollar amount is specified whatsoever presents a problem, because the undersigned cannot verify on threshold review that subject matter jurisdiction properly lies in federal court.  Defendant Tristar invokes subject matter jurisdiction under the federal diversity statute, 28 U.S.C. 1332, which requires complete diversity among the parties (that is satisfied here) plus an amount in controversy over $75,000, exclusive of interest and costs.

As the removing party (the party wanting the case to be in this federal forum), Tristar bears the burden of establishing that all requirements of diversity jurisdiction are satisfied – including the amount in controversy.  However, given the confused nature of the pleadings (and the impropriety of simply assuming that the relief sought in prior petitions remains the relief sought in the current petition), the Court will ask Plaintiff to amend his complaint to clarify what damages he seeks, so that it can be established whether the amount in controversy suffices herein.  The Court uses the word "complaint" purposefully.

Although Illinois state court plaintiffs file "petitions," federal court plaintiffs file "complaints."  The undersigned District Judge **DIRECTS** Plaintiff Billings to file a **"Third Amended Complaint"** in this Court by **February 15, 2016.**  The Third Amended

Complaint should be filed with the Clerk's Office, 750 Missouri Avenue, East St. Louis, IL 62201. The Clerk's Office phone number is 618-482-9371. (If a litigant calls the Clerk's Office with a question regarding a pending case, he should give the Clerk's Office the case number on which he is calling, here – Case No. 16-cv-0034-MJR-DGW.)

Aware that Plaintiff proceeds without the assistance of legal counsel in drafting and filing his Third Amended Complaint, the Court points out that federal courts are governed by federal rules and federal pleading standards (adhering to a system of notice pleading). Federal Rule of Civil Procedure 8 requires that any complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."

So Plaintiff's Third Amended Complaint should contain enough facts (a) to give Defendant Tristar notice of the particular claims directed against Tristar and (b) to support a reasonable expectation that discovery will reveal evidence to support liability for the alleged wrongdoing. *See, e.g., Adams v. City of Indianapolis,* **742 F.3d 720, 728 (7th Cir. 2014),** *citing Bell Atl. Corp. v. Twombly,* **550 U.S. 544, 556 (2009).** Stated another way:

> To satisfy the notice-pleading standard of Rule 8 of the Federal Rules of Civil Procedure, a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief," which is sufficient to provide the defendant with "fair notice" of the claim and its basis.

*Appert v. Morgan Stanley Dean Witter, Inc.,* **673 F.3d 609, 622 (7th Cir. 2012),** *quoting Erickson v. Pardus,* **551 U.S. 89, 93 (2007)(per curiam), and FED. R. CIV. P. 8.**

As to the amount of damages sought, Plaintiff Billings does not need to specify the exact damages he seeks.  The Court simply needs to be able to tell whether the amount at stake herein is over $75,000 (without interest and costs).

The Court will conduct prompt threshold jurisdictional review on the Third Amended Complaint.  If jurisdiction is proper here in federal court, the undersigned will set a firm trial date, and the case will proceed to pretrial proceedings before the Magistrate Judge assigned.

IT IS SO ORDERED.

DATED January 18, 2016.

s/ Michael J. Reagan
Michael J. Reagan
Chief Judge
United States District Court