IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM A. BILLINGS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 16-cv-0034-MJR-DGW |
| | ) |
| TRISTAR RISK ENTERPRISE MANAGEMENT, INC., | ) |
| | ) |
| Defendant. | ) |

MEMORANDUM AND ORDER

**REAGAN, Chief Judge:**

William Billings filed suit in Illinois state court alleging that he was denied medical treatment and benefits he was entitled to under the Illinois Workers Compensation Act. In his original complaint, Billings named two defendants – "Tristar Risk Management" and Barbara Hill. He filed an original complaint and two amended complaints in state court, eventually dismissing Hill as a defendant. Tristar removed the case within 30 days of the filing of the second amended complaint, invoking subject matter jurisdiction under 28 U.S.C. 1332.

In the removal notice, Tristar clarified that its correct name was Tristar Risk Enterprise Management, Inc. (not Tristar Risk Management). On January 25, 2016, the undersigned verified subject matter jurisdiction, found that the second amended complaint did not comply with Federal Rule of Civil Procedure 8(a)(2)'s requirements, and directed Billings to file a third amended complaint (explaining at some length in

the Order what federal pleading rules require). Billings filed a third amended complaint on February 1, 2016.[1]

Tristar moved to dismiss the third amended complaint under Federal Rules of Civil Procedure 8(a)(2) and 12(b)(6). Tristar argued that the third amended complaint still violated Rule 8's short-plain-statement requirement and, if it survived Rule 8 scrutiny, failed to state a viable claim on which relief could be granted, because Billings' exclusive remedy lay with the Illinois Workers Compensation Commission. On April 4, 2016, the Court granted Tristar's motion and dismissed the third amended complaint for failure to state any claim on which relief could be granted.

The undersigned concluded (Doc. 30, p. 7):

> Clearly then, the Act bars a common law action arising out of unreasonable or vexatious conduct in delaying payments or mishandling a workers' compensation claim. [Citations omitted.] The Act's exclusivity provisions apply to suits against both employers and their compensation claims administrators. [Citations omitted.]
>
> Here, Plaintiff alleges that Tristar negligently and willfully "circumvented" the workers' compensation process by delaying or depriving him of benefits and denying him treatment, thereby inflicting emotional and financial distress upon him. These claims fall squarely within the statutory scheme established by the Illinois Workers' Compensation Act and are barred by the Act's exclusivity provisions.

---

[1] Construed liberally, the complaint alleged the following. Billings suffered a work-related injury while employed by the State of Illinois. Tristar was the third-party administrator of the State's workers' compensation claims. Tristar delayed Billings' treatment and deprived him of benefits he was entitled to for his injury by, inter alia: refusing to allow Billings an opportunity to present evidence to prove that he was not at maximum medical improvement; employing an independent medical examiner who submitted fraudulent, conflicting, and erroneous reports; and refusing to have a functional capacity evaluation test performed. Billings prayed for damages over $6,000,000.

Finding that the filing of a *fourth* amended complaint would be futile given the plain application of the exclusivity provisions to Billings' claims, the Court dismissed the case with prejudice. Judgment was entered in favor of Tristar and against Billings on April 5, 2016. Now before the Court is Tristar's April 12, 2016 bill of costs (Doc. 32), to which Billings filed an "Objection" on April 20, 2016 (Doc. 34) and Tristar replied (Doc. 35).

Defendant Tristar is the prevailing party in this case. Federal Rule of Civil Procedure 54(d)(1) entitles prevailing parties to recover their costs, other than attorneys' fees. **Richardson v. City of Chicago, 740 F.3d 1099, 1102 (7th Cir. 2014).** Rule 54(d) provides that unless a federal statute, rule, or court order says contra, costs "should be allowed" to the prevailing party. In other words, under Rule 54(d) "prevailing parties presumptively recover their costs." **Loomis v. Exelon, 658 F.3d 667, 674 (7th Cir. 2011).** *Accord* **Myrick v. WellPoint, Inc., 764 F.3d 662, 666 (7th Cir. 2014),** *cert. denied*, **135 S. Ct. 1508 (2015).**

Rule 54(d)(1) "codifies a venerable presumption that prevailing parties are entitled to costs." **Marx v. General Revenue Corp., -- U.S. --, 133 S. Ct. 1166, 1172 (2013).** However, district courts may deny costs if the losing party presents competent proof that he is financially unable to pay an award of costs, or the prevailing party engaged in misconduct en route to prevailing. *See, e.g.*, **Mother & Father v. Cassidy, 338 F.3d 704, 708 (7th Cir. 2003).**

The Court of Appeals for the Seventh Circuit has noted that Rule 54(d) establishes a *strong* presumption that the prevailing party will be awarded the costs of

litigation identified in 28 U.S.C. 1920. *See, e.g., Montanez v. Simon,* **755 F.3d 547, 557 (7th Cir.),** *cert. denied sub nom. Montanez v. Chicago Police Officers FICO,* **135 S. Ct. 459 (2014);** *Johnson v. Cypress Hill,* **641 F.3d 867, 873 (7th Cir. 2011);** *U.S. Neurosurgical, Inc. v. City of Chicago,* **572 F.3d 325, 333 (7th Cir. 2009).** And the "process for awarding costs is intended to be summary." *Extra Equipamentos E Exportacao, Ltda. v. Case Corp.,* **541 F.3d 719, 727 (7th Cir. 2008),** *cert. denied,* **555 U.S. 1175 (2009).**

Although in common parlance, the word "costs" often is equated with "expenses," the "concept of taxable costs under Rule 54(d) is more limited" -- such costs are modest in scope and "a fraction of the nontaxable expenses borne by litigants." *Taniguchi v. Kan Pacific Saipan, Ltd.,* **-- U.S. --, 132 S. Ct. 1997, 2006 (2012).**

The items of recoverable costs are limited by statute. In 28 U.S.C. 1920, Congress delineated the specific categories of costs which a district court can award. Those categories include:

(1) Fees of the clerk and marshal;
(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title; [and]
(6) Compensation of court appointed experts [and] … interpreters….

Here, Tristar seeks to recover only two items of costs – the $330.50 appearance fee from Madison County (Illinois) Circuit Court and the $400.00 filing/removal fee from the Clerk of this District Court. Both items fall within the "Fees of the clerk" listed

in § 1920. Both are supported with itemized receipts (Exhibits A and B to Doc. 32). The total requested ($730.50) is reasonable.

Significantly, as the losing party in this litigation, Billings shoulders the burden of demonstrating that costs sought to be taxed are *not* allowable. *See Harney v. City of Chicago*, 702 F.3d 916, 927 (7th Cir. 2012), *citing Beamon v. Marshall & Ilsley Trust Co.*, 411 F.3d 854, 864 (7th Cir. 2005)("… the losing party bears the burden of an affirmative showing that taxed costs are not appropriate."); *Johnson v. Target Corp.*, 487 Fed. Appx. 298, *cert. denied,* 133 S. Ct. 1735 (2013) ("A prevailing party … presumptively receives the costs of litigation and it is the losing party's burden to overcome this presumption."). Billings has not done so.

Although Billings filed an "objection" (Doc. 34) which concludes with one sentence stating "Defendant is NOT entitled to fees and costs" (Doc. 34, p. 4), he does not directly challenge the recoverability or reasonableness of the requested costs. Nor does he claim he is too financially unable to pay these costs. Rather (echoing an argument advanced in earlier filings herein), he insists that there is no such true business entity as "Tristar Risk Management Enterprise, Inc.," and that the company masquerading as such (Defendant) has no authority to conduct business in Illinois and "has no employees serving the injured worker in the state of Illinois" and thus acted fraudulently as third-party administrator of the State's workers' compensation claims. Billings apparently relies on 805 ILCS 5/13-70 for this argument. He also speculates that the owner of the two separate Tristar entities "is attempting to avoid paying taxes in Illinois" (Doc. 34, p. 3).

This argument is neither here nor there to the Court's taxing of costs. First, the Illinois statute on which Plaintiff relies has zero application. It states that no foreign corporation transacting business in Illinois without authority "is permitted to maintain a civil action in any court of this State." **805 ILCS 13.70(a).** Of course, Tristar did not sue Plaintiff in Illinois state court; it was Plaintiff who hauled Tristar into court. So, even assuming Tristar lacked authority to conduct business in Illinois at the relevant point in this litigation (and could not sue Billings), that is irrelevant here, because Billings sued Tristar.

Second, Tristar submitted a brief with a supporting sworn affidavit and exhibit which reveal that nothing is amiss in its conduct of business in Illinois. Simply put, "Tristar Insurance Group" owns both Tristar Risk Enterprise Management, Inc. and Tristar Risk Management, Inc. (which are separate companies that conduct the same business). It was Tristar Risk *Enterprise* Management, Inc. that contracted with the State of Illinois in 2013 for workers' compensation third-party administrator services. For branding and marketing reasons, Tristar Risk *Enterprise* Management, Inc. uses the shorter name Tristar Risk Management on correspondence. This led to Plaintiff Billings' confusion, but it has nothing to do with the recoverability of costs in this case.

Finally, even if § 13.70(a) applied (i.e., if Tristar was improperly conducting business in Illinois at the time it handled Billings' workers' compensation claim), Billings has not identified any basis on which that fact would preclude the taxing of costs here. Nothing in § 13.70(a) bars the recovery of costs by a company unlawfully transacting business. Indeed, § 13.70(b) expressly states that a foreign corporation's

failure to obtain authority to conduct business in Illinois "does not impair the validity of any contract or act of the corporation, and does not prevent the corporation from defending any action in any court of this State." **805 ILCS 5/13.70.**

For all these reasons, the undersigned **OVERRULES** Plaintiff Billings' "Objection" (Doc. 34) to the Bill of Costs (Doc. 32) and **AWARDS costs in the total amount of $730.50** to Defendant Tristar Risk Enterprise Management, Inc. The Clerk of Court **SHALL TAX COSTS** in the amount of $730.50.

IT IS SO ORDERED.

DATED May 13, 2016.

s/ Michael J. Reagan
Michael J. Reagan
United States District Judge
